# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |

**This Document Relates to:**

CALVIN CHRISTENSEN,

                         Plaintiff,

v.

JOHNSON & JOHNSON and ORTHO-
MCNEIL-JANSSEN PHARMACEUTICALS,
INC.,

                         Defendants.

Civil No. 07-3960 (JRT)

**MEMORANDUM OPINION AND
ORDER DENYING PLAINTIFF'S
MOTION FOR A NEW TRIAL**

Ronald S. Goldser and David M. Cialkowski, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; and Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, counsel for plaintiff Christensen.

James B. Irwin, V, **IRWIN FRITCHIE URQUHART & MOORE, LLC**, 400 Poydras Street, Suite 2700, New Orleans, LA 70130; Tracy J. Van Steenburgh and Dana M. Lenahan, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402; William V. Essig, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606; counsel for defendants.

Plaintiff Calvin Christensen brought claims against defendants, Johnson & Johnson and Ortho-McNeil-Janssen Pharmaceuticals, Inc., for failure to warn about certain risks involved in taking Levaquin, specifically the risk of tendon rupture.  His case was the second bellwether case tried in multi-district litigation involving numerous

plaintiffs who allegedly have suffered injury as a result of taking Levaquin.  The jury found for defendants and against Christensen.  Christensen now moves for a new trial claiming that the Court committed structural error during jury selection; that the Court erred in allowing Defendants to present prior testimony at trial; and that the Court erred in refusing to give the jury missing witness instructions.  The motion will be denied.

## BACKGROUND

### <u>Jury Selection</u>

During the jury selection process, the jurors were asked to complete a jury questionnaire and the Court conducted follow up questioning.  Christensen specifically objects to the Court's rulings on Jurors Numbers 3 and 17, both of whom were challenged by the parties.

Juror No. 3 indicated that he trusted pharmaceutical manufacturers and he felt they adequately warn about the risks associated with their medications.  (Ronald S. Goldser Aff., Ex. 1, Juror No. 3 Questionnaire ¶¶ 33, 35, Docket No. 246.)  Juror No. 3 also indicated that he believed the typical American company adequately safety tests its products (*id.* ¶ 25) and the FDA does an adequate job of making sure the medications it approves are reasonably safe (*id.* ¶ 26).  He indicated that he did not feel strongly that pharmaceutical companies have too much power over the FDA (*id.* ¶ 28) or that pharmaceutical companies care a lot more about profits than the safety of their products (*id.* ¶ 28).  During *voir dire*, he indicated that he could be fair and impartial as a juror. (Christensen Tr. at 21.)

Juror No. 15 indicated that she did not trust pharmaceutical manufacturers and that she did not believe they adequately warn about the risks associated with their medications.  (Ronald S. Goldser Aff., Ex. 3, Juror No. 15 Questionnaire ¶¶ 33, 35, Docket No. 246.)  Juror No. 15 indicated that she believed the typical American company adequately safety tests its products (*id.* ¶ 25) and the FDA does an adequate job of making sure the medications it approves are reasonably safe (*id.* ¶ 26).  In response to a question asking whether pharmaceutical companies have too much power over the FDA, she answered "not sure[;] need to research."  (*Id.* ¶ 28.)  She indicated that she felt strongly that pharmaceutical companies care a lot more about profits than the safety of their products and wrote, "I am suspicious of an industry that makes so much money – paying fines does not hurt them."  (*Id.* ¶ 29.)  During *voir dire*, she stated, after some temporizing, that she thought she could "observe and listen to the evidence presented in the case and deliver a fair verdict."  (Christensen Tr. at 49-50.)

The Court denied Christensen's request that Juror No. 3 be dismissed for cause and granted Defendants' request that Juror No. 15 be dismissed for cause.  Plaintiff later exercised a preemptory challenge that resulted in the dismissal of Juror No. 3.

**<u>Absence of Dr. Holmes</u>**

Defendants' disclosed Dr. George Holmes as one of their expert witnesses, and he was expected to testify live at trial.  (Goldster Aff., Ex. 6, Defs.' First Am. Witness List, May 3, 2011, Docket No. 246; Defs.' Second Am. Witness List, May 24, 2011, Docket No. 155.)  Christensen took a "short discovery deposition" of Dr. Holmes on May 16,

2011. (Pl.'s Mem. Supp. New Trial at 5, Docket No. 245.) Christensen did not learn until June 8, 2011 that Dr. Holmes would be out of the country and would not appear for trial. (*Id.*) Based on defendants' representations, the Court found that Dr. Holmes was unable to appear in person at trial due to a trip to New Zealand and permitted his prior testimony to be read into the record. (*See* Christensen Tr. at 1351.)

## Witnesses Not Called Live at Trial

Christensen disclosed Dr. John Seeger as one of his witnesses. (Pl.'s Am. Witness List, Docket No. 157.) Defendants designated Dr. Seeger as an expert in the first bellwether trial but did not call him as a witness during the *Christensen* trial. Dr. Seeger's video deposition was presented by Christensen during trial.

Defendants disclosed Dr. Peter Layde as one of their epidemiological experts and witnesses. (*See* Defs.' Second Am. Witness List.) Defendants designated Dr. Layde as an expert under Rule 26(a)(2)(b) in this and in the first bellwether trial. Dr. Layde testified in the previous bellwether trial but did not testify during the *Christensen* trial.

Christensen disclosed Dr. Daniel Fife as one of his witnesses. (Pl.'s Am. Witness List.) Dr. Fife is an employee of the Defendants who Christensen asserts "has knowledge of facts, and has opinions regarding, epidemiological guidelines and the maintenance of records used" in key epidemiological studies. (Pl.'s Mem. Supp. New Trial at 7.) Christensen presented Dr. Fife's video deposition during the trial.

## DISCUSSION

### I.  STANDARD OF REVIEW

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a motion for a new trial "on all or some of the issues . . . ."  Fed. R. Civ. P. 59(a)(1).  "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence . . . or legal errors at trial, resulted in a miscarriage of justice."  *Gray v. Bicknell,* 86 F.3d 1472, 1480 (8th Cir. 1996).  "The authority to grant a new trial is within the discretion of the district court."  *Id.*  Christensen argues he is entitled to a new trial because (1) the Court improperly conducted jury selection by applying inconsistent standards in striking jurors, (2) the Court erred in allowing Defendants to present prior testimony at trial, and (3) the Court erred in refusing to give the jury missing witness instructions.

### II.  JURY SELECTION

Christensen contends that the Court applied inconsistent standards when selecting the jury, creating a structural error.  The Court has "broad discretion in determining whether to strike jurors for cause because it is in the best position to assess the demeanor and credibility of the prospective jurors."  *Cravens v. Smith*, 610 F.3d 1019, 1031 (8th Cir. 2010) (quoting *Allen v Brown Clinic, PLLP*, 531 F.3d 568, 572 (8th Cir. 2008)).  A district court is required to strike for cause a juror who lacks impartiality.  *United States v. Elliott*, 89 F.3d 1360, 1365 (8th Cir. 1996).  However, if "the record shows a legitimate

basis for the district court's decision to retain the juror, there is no abuse of discretion." *United States v. Dale*, 614 F.3d 942, 959 (8th Cir. 2010).

Christensen asserts that the Court erred by striking Juror No. 15 and not striking Juror No. 3. He contends that the Court should have either struck both jurors or neither juror. *See United States v. Jones*, 193 F.3d 948, 951-52 (8th Cir. 1999) (finding that a juror who sat on the jury should have been struck for the same reasons as one struck for cause by the court). Christensen alleges both jurors indicated they had biased opinions of the pharmaceutical industry in the jury questionnaires,[1] Both jurors later expressed the opinion that they could remain impartial during *voir dire*.

It is within the Court's discretion to excuse or refuse to excuse a challenged juror after the juror affirms their impartiality. *Dale*, 614 F.3d at 959. The Eighth Circuit has recognized the importance of the judge's evaluation of the juror's impartiality and demeanor during *voir dire*. *Id.* The Court found that despite Juror No. 15's statement that she could be impartial, she had not adequately rehabilitated herself. (*See* Christensen Tr. at 95.) The Court concludes that the determination that Juror No. 15 did not adequately rehabilitate herself – and Juror No. 3 did – is within the Court's discretion.

Moreover, even if Juror No. 15 did not adequately rehabilitate herself, Christensen cured any error by exercising a peremptory challenge. Christensen asserts that the exercise of this preemptory challenge caused him to "lose" a preemptory challenge he would have used against another juror. The Eighth Circuit has indicated that where a

---

[1] In contrast to *Jones*, 193 F.3d at 951 (both jurors indicated the same bias), Juror No. 3's

party removes a juror, they do **not** "lose" a peremptory challenge; rather, they use "the challenge in line with a principal reason for peremptories."  *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1111 (8th Cir. 2000) (quoting *United States v. Martinez-Salazar*, 528 U.S. 304, 315-16 (2000)).[2]  The Court concludes that it did not abuse its discretion in the jury selection process and that, even if an error did occur, the error was cured by Christensen's peremptory challenge.

## III.   PRESENTATION OF PRIOR TESTIMONY

Christensen asserts that because Defendants failed to establish Dr. Holmes's legal unavailability for trial, he should have been required to testify live or not at all.  *See* Fed. R. Evid. 801 (defining hearsay); *id.* 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court . . . .").  The testimony of an absent witness may be admitted under Federal Rule of Evidence 804 and/or under Federal Rule of Civil Procedure 32.  Although under Rule 804, Defendants would have borne the burden of proving the unavailability Dr. Holmes,[3] Rule 32 is an independent

---

[2] Christensen further asserts that the Eighth Circuit misinterpreted *Martinz-Salazar* and that it should have followed Justice Souter's concurrence where he would have limited the holding to situations where the party fails to show that "if he had not used his peremptory challenge curatively, he would have used it peremptorily against another juror." 528 U.S. at 318 (J. Souter concurring).  This limitation was not included in the Court's main opinion (signed by seven justices), and was not adopted by the Eighth Circuit in *Walzer*, 231 F.3d 1108.  Therefore, the Court finds that even though Christensen has shown he would have used the peremptory challenge differently, if possible, he did not "lose" a peremptory challenge.

[3] A witness is unavailable when he "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means."  Fed. R. Evid. 804(a)(5).  Dr. Holmes was indisputably absent from the hearing, but it is unclear the means Defendants had used to procure his attendance.

exception to the hearsay rule. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914-15 (9th Cir. 2008) (citing Fed. R. Evid. 802 advisory committee's note and cases from the First, Third, Seventh, Tenth, and D.C. Circuits recognizing that Fed. Rule Civ. P. 32(a) creates an independent exception to the hearsay rule). Rule 32(a)(4)(B) provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

The Court found that Dr. Holmes was in New Zealand, and nothing suggested the Defendants procured his absence. (*See* Christensen Tr. at 1348-51.)   The Court concludes that Dr. Holmes's deposition testimony was properly admitted under Federal Rule of Civil Procedure 32.

## IV.   MISSING WITNESS INSTRUCTIONS

Christensen also contends that the Court erred in refusing to give the jury a missing witness instruction. Specifically, Christensen asserts the Court should have instructed the jury that the Defendants' failure to call Drs. Fife, Seeger and Layde permitted the jury to infer that those witnesses' testimony would have been unfavorable to Defendants.

The missing witness instruction is available if (1) a party fails to call a key witness (i.e. a witness who is important and possesses relevant information), *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 844 (8th Cir. 1997); and (2) that witness is "peculiarly" within the control of one party, *United States v. Burton*, 898 F.2d 595, 597 (8th Cir.

1990).   The instruction allows the jury to infer that the testimony of that witness is

"unfavorable to the party who could have called the witness and did not."   3 Fed. Jury

Prac. & Inst. § 104.25 (5th ed.).   "The decision to give a missing witness instruction is

largely within the discretion of the trial court."   *United States v. Cole*, 380 F.3d 422, 427

(8th Cir. 2004).   The Eighth Circuit has also noted repeatedly that the absent witness

instruction should be applied with caution.[4]

      Christensen claims that Drs. Layde, Seeger, and Fife were not equally available to

Christensen and the Defendants because Christensen had no ability to secure their

presence at trial.   Video testimony from Dr. Seeger and Dr. Fife was presented at trial.

Christensen asserts that this testimony is not the same as a witness's live testimony at

trial.   However, Christensen presents no case law supporting his assertion that he should

be entitled to an absent witness instruction for a witness whose testimony was presented

at trial.[5]   Although live testimony in open court is preferred, *see, e.g.*, 8-43 Moore's

Federal Practice – Civil § 43.02(2) (Online Ed. 2011), exceptions for alternative forms of

testimony are explicitly authorized.   Fed. R. Civ. Proc. 43(a).   The Court finds that

---

   [4] *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004) ("The jury should not be encouraged to base its verdict on what it speculates the absent witness would have testified to . . . " (quoting *Felice v. Long Island R.R. Co.*, 426 F.2d 192, 195 n.2 (2d Cir. 1970 (Friendly J.)); *Jenkins v. Bierschenk*, 333 F.2d 421, 425 (8th Cir. 1964).

   [5] Indeed, other circuits have held that the missing witness instruction has "no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990); *see Allstate Ins. Co. v. Shuler*, 53 F.3d 331, 1995 WL 258139, at *3 (6th Cir. 1995).   Although Christensen does cite to a recent case from the Eighth Circuit, *Cole*, 380 F.3d 422, discussing the instruction, *Cole* was a **criminal** case.

Christensen's preference for live testimony over other forms of authorized testimony does not entitle him to an absent witness instruction.

Neither party presented testimony from Dr. Layde at trial.  Christensen asserts he was entitled to a missing witness instruction because, although he had the **right** to call Dr. Layde at trial, he did not have the **ability** to call Dr. Layde live at trial.  Because Christensen withdrew his motion to present Dr. Layde's deposition or former testimony at trial (*see* Christensen Tr. at 2851-52), the Court holds he cannot now assert that Dr. Layde was unavailable to him at trial.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Christensen's motion for a new trial [Docket No. 243] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  March 26, 2012                          s/ John R. Tunheim
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                                United States District Judge