UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| **This Document Relates to:** | Civil No. 07-3960 (JRT) |
| CALVIN CHRISTENSEN, Plaintiff, v. JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., and JANSSEN RESEARCH & DEVELOPMENT, LLC, Defendants. | **ORDER GRANTNG PLAINTIFF'S MOTION FOR STAY OF EXECUTION WITHOUT SUPERSEDEAS BOND** |

Ronald S. Goldser and David M. Cialkowski, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street Minneapolis, MN 55402; and Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, t183 Middle Street, Suite 200, Portland, ME 04101, lead counsel for plaintiff Christensen.

James B. Irwin, V, **IRWIN FRITCHIE URQUHART & MOORE, LLC**, 400 Poydras Street, Suite 2700, New Orleans, LA 70130; Dana M. Lenahan and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402; and William V. Essig, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606; lead counsel for defendants.

Plaintiff Calvin Christensen brought claims against defendants, Johnson & Johnson and Janssen Pharmaceutical, Inc.,[1] for failure to warn about certain risks

---

[1] As of December 29, 2011, Defendant Janssen Pharmaceuticals, Inc. was substituted as a party for Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Defendant Janssen Research & Development, LLC ("Janssen R&D") was substituted for Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., retroactive to the date the Complaint was originally filed. (Pretrial Order 7a, Docket No. 256.)

involved in taking Levaquin, specifically the risk of tendon rupture.  Christensen's case was the second tried in multi-district litigation involving numerous plaintiffs.  The jury found for Defendants.  The Court denied Christensen's post-trial motions, and he has filed a notice of appeal in the Eighth Circuit Court of Appeals.  Christensen now seeks a stay of the money judgment, requesting that the Court waive the requirement for a supersedeas bond.

Rule 62(d) of the Federal Rules of Civil Procedure provides that, where an appeal has been taken, the appellant may obtain a stay of the judgment by posting a supersedeas bond.  The stay becomes effective when the Court approves the amount of the bond.  "The 'general rule' is for the Court to require a bond in the 'full amount of the judgment plus interests, costs, and damages for delay" prior to issuing the stay.'"  *3M Innovative Props. Co. v. Avery-Dennison Corp.*, No. 01-1781, 2007 WL 2030277, at *1 (D. Minn. July 10, 2007) (quoting *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990)).  The Court, however, has the discretion to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond.  *See e.g.*, *id.*

The Court finds that a stay of the judgment and a waiver of the bond are appropriate here.  Because there are ways of accommodating this judgment in the context of the multi-district litigation, the Court has confidence that the funds will ultimately be available to pay the judgment.  *See Peterson v. United States*, No. 99-651, 2000 WL 1909806, at *1 (D. Minn. Oct. 5, 2000) (noting factors the Court may consider when determining whether to waive the bond requirement).  In addition, the Court notes that the interests of justice weigh in favor of waiving the bond requirement because requiring

this plaintiff to post a bond could chill litigation by other prospective multi-district litigation plaintiffs.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Christensen's Motion Seeking Stay of Execution Pending Appeal Without Supersedeas Bond [Docket No. 262] is **GRANTED**.  The stay will remain in effect until further order of this Court.

DATED:  June 25, 2012  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge